## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RAMI ABOULOH,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 25-3377** |
| | : | |
| **LEHIGH COUNTY PRISON, et al.,** | : | |
| **Defendants.** | : | |

## <u>ORDER</u>

**AND NOW**, this 15th day of September 2025, upon consideration of Plaintiff Rami Abouloh's Motion to Proceed *In Forma Pauperis* (Doc. No. 6), his Prisoner Trust Fund Account Statement (Doc. No. 8), and his *pro se* Amended Complaint (Doc. No. 5), it is **ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

2. Rami Abouloh, #QQ-6463, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court directs the Superintendent of SCI Coal Township or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Abouloh's inmate account; or (b) the average monthly balance in Abouloh's inmate account for the six-month period immediately preceding the filing of this case. The Superintendent or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Abouloh's inmate trust fund account exceeds $10.00, the Superintendent or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to Abouloh's inmate account until the fees are paid. Each payment shall refer to the docket number for this case.

3.  The Clerk of Court is **DIRECTED** to send a copy of this order to the Superintendent of SCI Coal Township.

4.  The Amended Complaint is **DEEMED** filed.

5.  The Amended Complaint is **DISMISSED IN PART WITH PREJUDICE AND IN PART WITHOUT PREJUDICE** for the reasons stated in the Court's Memorandum, as follows:

a.  The following claims are **DISMISSED WITH PREJUDICE**: Abouloh's claims against the Lehigh County Prison and its medical department, his Fourteenth Amendment due process claims based on the loss of his personal property, his claims asserted under 18 Pa. Cons. Stat. Ann. § 4910 and 18 Pa. Cons. Stat. Ann. § 4911, and his claims for "Tampering with the Administration of Justice" and "Obstruction of Administration of Justice."

b.  The Clerk of the Court is **DIRECTED** to **TERMINATE** the Lehigh County Prison from the docket. The Clerk of the Court is also **DIRECTED** to **ADD** the Lehigh County Prison Warden as a Defendant to the docket.

c.  Abouloh's access-to-courts claim is **DISMISSED WITHOUT PREJUDICE** to Abouloh challenging his conviction in a habeas proceeding or filing a new civil rights complaint in the event his conviction is reversed, vacated, or otherwise invalidated. *See Curry v. Yachera*, 835 F.3d 373, 379 (3d Cir. 2016).

d.  The balance of Abouloh's claims are **DISMISSED WITHOUT PREJUDICE**.

6.    Abouloh may file a second amended complaint by **October 15, 2025**.  Any second amended complaint must identify all defendants in the caption of the second amended complaint in addition to identifying them in the body of the second amended complaint and shall state the basis for Abouloh's claims against each defendant.  The second amended complaint must also provide as much identifying information for the defendants as possible.  Abouloh may refer to a defendant by last name only if that is the only identifying information possessed.  If Abouloh wishes to name individuals for whom he does not have any identifying information, he may refer to those individuals as John Doe #1, John Doe #2, etc.[1]  The second amended complaint shall be a complete document that does not rely on the Amended Complaint or other papers filed in this case to state a claim.  When drafting his second amended complaint, Abouloh should be mindful of the Court's reasons for dismissing the claims in his Amended Complaint as explained in the Court's Memorandum.  Upon the filing of a second amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

7.    The Clerk of Court is **DIRECTED** to send Abouloh a blank copy of the Court's form complaint for a prisoner filing a civil rights action bearing the above civil action number. Abouloh may use this form to file his amended complaint if he chooses to do so.

8.    If Abouloh does not wish to amend his Complaint and instead intends to stand on his Complaint as originally pled, he may file a notice with the Court by **October 15, 2025**, stating that intent, at which time the Court will issue a final order dismissing the case.  Any such notice should be titled "Notice to Stand on Complaint," and shall include the civil action number for this case.  *See Weber v. McGrogan*, 939 F.3d 232, 241 (3d Cir. 2019) ("If the plaintiff does

---

[1] Without the name of at least one individual or entity, however, the Court may be unable to direct service of any amended complaint that Abouloh may file.

not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

9.   If Abouloh fails to file any response to this Order, the Court will conclude that he intends to stand on his Complaint and will issue a final order dismissing this case.[2]  *See Weber*, 939 F.3d at 239–40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

**IT IS SO ORDERED.**

*/s/ Karen Spencer Marston*
KAREN SPENCER MARSTON, J.

---

[2] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on her complaint.  *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (*per curiam*).  Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend her complaint, leaving the case without an operative pleading.  *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (*per curiam*) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary.").

4